IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **DONALD LEE BRYANT,** § | |
| Petitioner, § | |
| § | |
| **v.** § | |
| § | Civil Action No. 4:09-CV-111-Y |
| **RICK THALER, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| Respondent § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Donald Lee Bryant, TDCJ-ID #1394266, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Rosharon, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

Bryant was charged in four separate indictments with six counts of indecency with a child

and one count of aggravated sexual assault of a child under fourteen years of age. (Petition at 2) On September 20, 2006, a jury found Bryant guilty on all counts and assessed his punishment at four ten-year sentences, two fifteen-year sentences, and one twenty-five year sentence. (*Id.*) The Second District Court of Appeals of Texas affirmed the trial court's judgments on the jury's verdicts. *Bryant v. Texas*, Nos. 2-06-341-CR through 2-06-344-CR, slip op. (Tex. App.–Fort Worth Nov. 29, 2007) (not designated for publication). Bryant did not file a petition for discretionary review in the Texas Court of Criminal Appeals. Bryant filed four state applications for habeas corpus relief, one for each case, which were denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court. *Ex parte Bryant*, State Habeas Appl. Nos. WR-69,757-01 through WR-69,757-04. This federal petition for writ of habeas corpus followed.

D.  ISSUES

Bryant raises three grounds for relief, in which he claims:

(1) He received ineffective assistance of trial counsel during the punishment phase because counsel (a) failed to file, in a timely manner, a motion to have the jury assess punishment with an accompanying affidavit that he had never been convicted of a felony, (b) failed to give him competent advice so as to make an informed and conscious choice regarding his right to a jury trial, (c) failed to have a firm command of the case and case law at hand, and (d) permitted the state to try, convict and punish him for multiple offenses on multiple indictments in one trial without any written agreement to consolidate.

(2) The evidence was insufficient to show that one or more of the offenses were committed in Tarrant County, Texas; and

(3) The trial court erred in failing to grant his motion for a mistrial. (Petition at 7-8)

E.  RULE 5 STATEMENT

Thaler asserts that Bryant has sufficiently exhausted his state remedies only as to his first claim, in part, and that the unexhausted claims are procedurally barred from the court's review.

2

(Resp's Answer at 6-15)

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure in a procedurally proper manner. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005); *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Because Bryant did not file a petition for discretionary review, it was necessary that he raise the claims presented herein in his state habeas applications.

In those applications, Bryant raised one ground for relief, in which he claimed his trial counsel was ineffective during the punishment phase by failing to (a) file a motion to have the jury assess punishment in a timely manner, (b) give him competent advice during the punishment phase so he could make an informed and conscious choice regarding his right to a jury trial, and (c) have a firm command of his case and the case law at hand. (01State Habeas R. at 7; 02State Habeas R. at 8; 03State Habeas R. at 7; 04State Habeas R. at 7 ) Bryant did not raise claims (1)(d), (2) or (3), as enumerated above under Subsection D; thus those claims are unexhausted. Under the Texas abuse-of-the-writ doctrine, however, Bryant cannot now return to state court for purposes of

3

exhausting the claims. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4. The abuse-of-the-writ doctrine represents an adequate state procedural bar to federal habeas review. *See Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). Therefore, absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated, Bryant's claims (1)(d), (2) and (3) raised in this petition are procedurally barred from the court's review. *See Smith v. Johnson*, 216 F.3d 521, 523-24 (5th Cir. 2000).

F. DISCUSSION

1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

The Act further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). Factual determinations by a state court are presumed correct absent clear and convincing evidence to the

contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, it is an adjudication on the merits, which is entitled to this presumption. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

2.  Ineffective Assistance of Counsel

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI, XIV; *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders v. California*, 386 U.S. 738, 744 (1967). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id.* at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

Bryant's ineffective assistance claims were reviewed on the merits under the *Strickland* standard and rejected by the state courts. Under such circumstances, federal habeas relief will be granted only if the state courts' decision was contrary to or involved an unreasonable application

5

of *Strickland*, or if the state courts' decision is based on an unreasonable determination of the facts in light of the evidence before the court. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Pondexter v. Dretke*, 346 F.3d 142, 145-46 (5th Cir. 2003); *Haynes v. Cain*, 298 F.3d 375, 379-82 (5th Cir. 2002). Under this standard, the state court's application of *Strickland* must be shown to be not only erroneous, but objectively unreasonable. *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003).

The same judge who presided over Bryant's trial conducted the state habeas proceedings and, without a hearing, entered findings and conclusions of law refuting Bryant's claims. Specifically, the state habeas court found that trial counsel had filed an election for assessment of punishment before trial, that the jury assessed Bryant's punishment, that counsel had timely filed a motion for the jury to assess punishment, that counsel had filed an application for community supervision, and that the jury was instructed that it could recommend community supervision because Bryant "filed before trial his sworn motion in which he has submitted to the jury his application for community supervision." The court further found that Bryant had testified during the trial asking the jury to recommend that he be placed on probation and explained why he would be a good candidate for such recommendation, and thus there was evidence that Bryant was aware that the jury could recommend that he be placed on community supervision. (01State Habeas R. at 29)

Applying the *Strickland* standard to those findings, the state habeas court concluded that, without support in the record for his claims, Bryant had failed to prove his claims against counsel, to show that counsel's representation fell below an objective standard of reasonableness, or that there was a reasonable probability of a different result absent the alleged deficient conduct sufficient to undermine the confidence of the outcome of his case. (*Id.* at 30) Based on the habeas court's findings, the Texas Court of Criminal Appeals denied relief.

In his pleadings, Bryant makes no reference to the state court's findings and makes no effort to rebut the presumptive correctness of the findings. *See* 28 U.S.C. § 2254(d)(1); *Bell*, 535 U.S. at 698-99; *Haynes*, 298 F.3d at 379-82. Nor does an independent review of the state court records reveal clear and convincing evidence that would rebut the presumption of correctness. Without substantiation in the record, a federal court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative evidentiary value. *See Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983). The state courts' determination that Bryant was not entitled to relief does not appear to be contrary to, or involve an unreasonable application of, *Strickland* or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## II. RECOMMENDATION

Bryant's petition for writ of habeas corpus should be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 6, 2009. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until October 6, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 15, 2009.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE